# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

August 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9708-CC-00338 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SEVIER COUNTY |
| VS. | ) | |
| | ) | HON. REX HENRY OGLE |
| TYRONE PAUL LINTNER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SEVIER COUNTY

FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
P.O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY C. PATRICK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

AL SCHMUTZER, JR.
District Attorney General

CHARLES E. ATCHLEY, JR.
Assistant District Attorney General
Sevierville, TN 37862

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

Appellant Tyrone Paul Lintner pleaded guilty in the Sevier County Criminal Court on March 3, 1997 to two counts of forgery. As a Range I standard offender, Appellant was sentenced to four years incarceration with the Tennessee Department of Correction for the first count and two years for the second count, to be served consecutively. The trial court ordered him to pay $48,195.45 in restitution. Appellant raises the following issue on appeal: whether the trial court should have instituted an alternative sentence.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Appellant forged 21 checks for a total of $48,195, all while he was on federal probation for tax evasion.[1]

> "Sentences involving confinement should be based on the following considerations: (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."

Tenn. Code Ann. § 40-35-103.

Appellant was apparently never punished directly for his embezzlement of $785,731.00 from his previous employer, rather he was convicted of federal tax

---

[1]The four counts of tax evasion stemmed from the Appellant's failure to pay taxes on $785,731.00 he embezzled from a previous employer.

evasion in connection with the embezzled funds. He received a federal sentence of twenty-one months confinement followed by a probationary period. While on federal probation he committed the instant offenses using forgery to steal from his subsequent employer. It is clear that measures less restrictive than continuous confinement have not made an impact on Appellant. We have no trouble concluding that the trial court's decision to incarcerate is fully supported by this record.

For the above stated reasons, the decision of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE